MAJORS, Respondent, v. PARKHURST, Appellant.

St. Louis Court of Appeals, March 19, 1907.

**APPELLATE PRACTICE: Prima Facie Case: Weight of Evidence.**
Where there is substantial evidence to support a verdict, the appellate court will not interfere with it, unless the evidence for the losing side is so strong and convincing as to lead irresistibly to the conclusion that the verdict was the result of passion or prejudice.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Jos. French* for appellant.

*D. S. Mayhew* for respondent.

BLAND, P. J.—On July 31, 1905, plaintiff sold a mare to defendant at the price of forty dollars. Defendant gave plaintiff his promissory note for the purchase price of the mare, due sixty days after date, with eight per cent interest. The action is on the note and was commenced in a justice's court, where the verdict and judgment were for defendant from which plaintiff appealed to the circuit court. On a trial *de novo* in the circuit court, plaintiff recovered judgment for the full amount of the note from which defendant duly appealed to this court.

The defenses set up were, first, that defendant warranted the mare to be sound, when in truth and in fact she was unsound; second, that there was a total failure of consideration for the reason the mare was worthless.

Defendant's evidence tends to show that plaintiff warranted the mare to be sound and that she was not only unsound, but totally worthless on account of an incurable womb disease in an advanced stage, and

that after keeping her and having her treated by a veterinary surgeon for six months she got "on the lift" and had to be shot. Plaintiff's evidence tends to show that he did not warrant the mare, did not know she was diseased; that defendant made an examination of her and bought her on his own judgment; and also tends to show that the mare worked to a wagon, at farm work and driven to a buggy up to the time she was sold to defendant and was a good work animal and able to do an ordinary horse's work.

It is not claimed by defendant that any error intervened on the trial, but he insists that his motion for new trial should have been granted, on the ground that the verdict is against the evidence and contrary to the instructions of the court. Plaintiff and defendant were the only witnesses to the sale, and their evidence is diametrically opposed in respect to the alleged warranty. A mere reading of the testimony would lead most any reasonable mind to the conclusion that the mare was totally worthless, yet there is some evidence tending to show she was fit for service and able to do ordinary farm work at the time the defendant bought her. The reputation of the veterinary surgeon who treated the mare, and who was the principal witness for defendant in regard to her diseased condition, was impeached for truth and veracity. All the witnesses were before the court and the jury, where their demeanor, candor, inclination to tell the truth or otherwise, and biases and prejudices, if any, could be seen, and it would be presumptuous, in these circumstances, for us to claim that our judgment on the credibilty of the witnesses and the weight that should be given to their testimony is equal to or superior to that of the trial judge and the jury. Hence it is that appellate courts uniformly decline to interfere with verdicts of juries when there is any substantial evidence to support them, however strong the evidence to the contrary may appear to be, unless the

evidence for the losing side is so strong and convincing as to irresistibly lead to the conclusion that the verdict was the result of passion or prejudice. Nothing of the kind appears in this case, wherefore the judgment is affirmed. All concur.